**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4673**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

DEVON ERIC SMITH,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cr-00114-F-2)

———————

Submitted:  April 24, 2014       Decided:  April 28, 2014

———————

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Douglas E. Kingsbery, THARRINGTON SMITH, LLP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devon Eric Smith appeals his conviction and twelve-month sentence imposed following his guilty plea to simple assault on a government official, in violation of 18 U.S.C. § 111 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Smith was deprived of his Sixth Amendment right to effective assistance of counsel. Smith was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Following a careful review of the record, we affirm.

Counsel questions whether Smith's trial counsel rendered ineffective assistance. Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (internal quotation marks omitted). Rather, to allow for adequate development of the record, ineffective assistance claims generally should be raised in a 28 U.S.C. § 2255 (2012) motion. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because we conclude the record does not plainly establish that Smith's trial counsel rendered

2

ineffective assistance, we decline to consider his claim at this juncture, without prejudice to his ability to raise such a claim in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Smith's conviction and sentence. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>